UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **23-20326-CR-ALTONAGA/DAMIAN**

18 U.S.C. § 1349
18 U.S.C. § 1543
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1028A
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(2)(A)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 982(a)(6)
18 U.S.C. § 1029(c)(1)(C)

**UNITED STATES OF AMERICA**

v.

**ADRIAN TIBERIU SANDU,**
  a/k/a "Libor Horacek,"
  a/k/a "Anton Kubat," and
**CRISTINA VOINEA,**

  **Defendants.**
_____/

FILED BY ___dgj___ D.C.

Aug 15, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times material to this Indictment:

1. Defendant **ADRIAN TIBERIU SANDU a/k/a "Libor Horacek," a/k/a "Anton Kubat,"** was a resident of Miami, Florida.

2. Defendant **CRISTINA VOINEA** was a resident of Miami, Florida.

3. Financial Institution 1 ("FIN-1"), Financial Institution 2 ("FIN-2"), Financial Institution 3 ("FIN-3"), Financial Institution 4 ("FIN-4"), and Financial Institution 5 ("FIN-5") were

financial institutions with deposits insured by the Federal Deposit Insurance Corporation with branches operating in the Southern District of Florida and elsewhere.

## COUNT 1
## Conspiracy to Commit Bank Fraud
## (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is realleged and incorporated by reference, as though fully set forth herein.

2. From at least as early as in or around January 2020, and continuing through in or around January 2023, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN TIBERIU SANDU,**
a/k/a "Libor Horacek,"
a/k/a "Anton Kubat," and
**CRISTINA VOINEA,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to knowingly, and with intent to defraud, execute, and cause the execution of, a scheme and artifice to defraud one or more financial institutions, which scheme and artifice would employ a material falsehood, and knowingly, and with intent to defraud, execute, and cause the execution of a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of one or more financial institutions, by means of false and fraudulent pretenses, representations, and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(1) and (2).

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: a) installing deep insert skimming devices

in automated teller machines ("ATMs") at financial institutions to skim the card numbers of account holders; b) re-encoding the stolen card numbers onto blank cards and using the cards to withdraw cash from ATMs at financial institutions; and c) using the illicit proceeds for their own personal gain and to advance the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

1. Defendant **ADRIAN TIBERIU SANDU** and his co-conspirators installed removable deep insert skimming devices inside ATM card readers at FIN-3 and FIN-5 ATMs in the Southern District of Florida and elsewhere. The removable deep insert skimming devices captured account data stored on the magnetic stripe and the Europay, Mastercard, Visa ("EMV") chip of victims' credit or debit cards. **SANDU** and his co-conspirators often installed a covert removable camera on the outer portion of the ATM to capture victims' personal identification numbers ("PINs").

2. **ADRIAN TIBERIU SANDU** and his co-conspirators subsequently retrieved the deep insert skimming devices and covert cameras and re-encoded blank cards with the stolen card numbers.

3. **ADRIAN TIBERIU SANDU, CRISTINA VOINEA,** and other co-conspirators then used the re-encoded cards and stolen PINs at FIN-3 and FIN-5 ATMs, located in the Southern District of Florida, and elsewhere, in order to cause the improper and unauthorized release of cash, for their personal use and benefit, the use and benefit of others, and to further the fraud.

4. **ADRIAN TIBERIU SANDU** opened bank accounts in Miami-Dade County, in the Southern District of Florida, at FIN-1, FIN-2, and FIN-4 in his name and in the names of his aliases, "Libor Horacek," and "Anton Kubat," and used the accounts to deposit and launder cash obtained

3

from the scheme, to be used for his benefit and the benefit of his co-conspirators, including **CRISTINA VOINEA.**

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2-6
## Forgery or False Use of a Passport
## (18 U.S.C. § 1543)

On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**ADRIAN TIBERIU SANDU,**
a/k/a "Libor Horacek,"
a/k/a "Anton Kubat,"

did willfully and knowingly use a false, forged, and counterfeit passport, as set forth below:

| Count | Date of Offense | False Passport | Description of Use |
|---|---|---|---|
| 2 | December 3, 2019 | Slovakian Passport in the Name of Libor Horacek | Signature Card Application for FIN-1 account ending in 4562 |
| 3 | June 17, 2020 | Slovakian Passport in the Name of Libor Horacek | UPS Mailbox Application |
| 4 | August 19, 2021 | Slovakian Passport in the Name of Libor Horacek | Signature Card Application for FIN-4 account ending in 5005 |
| 5 | August 20, 2021 | Slovakian Passport in the Name of Anton Kubat | UPS Mailbox Application |
| 6 | January 5, 2022 | Slovakian Passport in the Name of Anton Kubat | Signature Card Application for FIN-4 account ending in 2050 |

In violation of Title 18, United States Code, Section 1543.

## COUNT 7-8
## Concealment Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

1. The General Allegations section of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

4

ADRIAN TIBERIU SANDU,
a/k/a "Libor Horacek,"
a/k/a "Anton Kubat,"

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as set forth below:

| Count | Date | Execution |
|---|---|---|
| 7 | November 23, 2020 | Cash deposit in the approximate amount of $19,800 to FIN-2 account ending in 6160 in the name of Libor Horacek |
| 8 | December 4, 2020 | Cash deposit in the approximate amounts of $18,080 to FIN-2 account ending in 6160 in the name of Libor Horacek |

It is further alleged that the specified unlawful activity is conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, and bank fraud, in violation of Title 18, United States Code, Section 1344.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNTS 9-10
**Money Laundering**
**(18 U.S.C. § 1957)**

1. The General Allegations section of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

ADRIAN TIBERIU SANDU,
a/k/a "Libor Horacek,"
a/k/a "Anton Kubat,"

5

did knowingly engage in a monetary transaction by, through, and to a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, knowing that the property involved in the monetary transactions represented the proceeds of some form of specified unlawful activity, that is, wire transfers as set forth below:

| Count | Date | Description of Monetary Transfer |
|---|---|---|
| 9 | September 21, 2020 | Wire transfer in the approximate amount of $23,000 from FIN-1 Account ending in 4562 in the name of Libor Horacek to HBA Motors, LLC for the purchase of a Rolls Royce Cullinan |
| 10 | September 28, 2020 | Wire transfer in the approximate amount of $92,721 from FIN-1 Account ending in 4562 in the name of Libor Horacek to HBA Motors, LLC for the purchase of a Rolls Royce Cullinan |

It is further alleged that the specified unlawful activity is conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, and bank fraud, in violation of Title 18, United States Code, Section 1344.

In violation of Title 18, United States Code, Sections 1957 and 2.

### COUNT 11
### Use and Attempted Use of Unauthorized Access Devices
### (18 U.S.C. § 1029(a)(2) and (b)(1))

From on or about January 6, 2023, through on or about January 28, 2023, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**ADRIAN TIBERIU SANDU,**
a/k/a "Libor Horacek,"
a/k/a "Anton Kubat," and
**CRISTINA VOINEA,**

did knowingly, and with intent to defraud, traffic in and use, and attempt to traffic in and use, one or more unauthorized access devices, that is, credit and debit card account numbers issued to other persons, during any one-year period, and by such conduct did obtain and attempt to obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign

6

commerce, in violation of Title 18, United States Code, Sections 1029(a)(2), 1029(b)(1), and 2.

## COUNTS 12-15
## Aggravated Identity Theft
## (18 U.S.C. § 1028A(a)(1))

On or about the date specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere,

**ADRIAN TIBERIU SANDU,**
a/k/a "Libor Horacek,"
a/k/a "Anton Kubat,"

during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), that is, use and attempted use of unauthorized access devices, as charged in Count 11, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, as specified in each count below:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 13 | January 28, 2023 | Credit/debit card account number of "V.A." |
| 14 | January 28, 2023 | Credit/debit card account number of "W.D." |
| 15 | January 28, 2023 | Credit/debit card account number of "J.H." |
| 16 | January 28, 2023 | Credit/debit card account number of "D.M." |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **ADRIAN TIBERIU SANDU, a/k/a "LIBOR HORACEK," a/k/a "ANTON KUBAT"** and **CRISTINA VOINEA**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property which

7

constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. Upon conviction of a violation of Title 18, United States Code, Section 1543, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6):

    a. any conveyance, including any vessel, vehicle, aircraft, used in the commission of such offense;

    b. any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such offense; and

    c. any property, real or personal, that was used to facilitate, or intended to be used to facilitate, the commission of such offense.

4. Upon conviction of a violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and/or 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

5. Upon conviction of a violation of Title 18, United States Code, Section 1029, as alleged in this Indictment, the defendant shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any personal property used, or intended to be used, to commit such offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

6. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

8

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been place beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code Sections 982(a)(1), 982(a)(2)(A), 982(a)(2)(B), 982(a)(6), and 1029(c)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
ALEXANDRA D. COMOLLI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO.: _____ |
| v. | |
| ADRIAN TIBERIU SANDU, a/k/a "Libor Horacek," a/k/a "Anton Kubat," and CRISTINA VOINEA, / | **CERTIFICATE OF TRIAL ATTORNEY** |
| Defendants. | **Superseding Case Information:** |
| | New Defendant(s) (Yes or No) _____ |
| | Number of New Defendants _____ |

**Court Division** (select one)
☒ Miami  ☐ Key West  ☐ FTP
☐ FTL  ☐ WPB

Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Romanian
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____/s/ Alexandra D. Comolli_____
ALEXANDRA D. COMOLLI
Assistant United States Attorney
Court ID No.   A5502803

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Adrian Tiberiu Sandu, a/k/a "Libor Horacek," a/k/a "Anton Kubat

**Case No:** _____

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** Thirty (30) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Five (5) Years
* **Max. Fine:** $1,000,000

Counts #: 2-6

Misuse of a Passport

Title 18, United States Code, Section 1543
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000

Counts #: 7-8

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment:** Twenty (20) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $500,000 or twice the value of the transaction involved

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Adrian Tiberiu Sandu, a/k/a "Libor Horacek," a/k/a "Anton Kubat

**Case No:** _____

Counts #: 9-10

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or not more than twice the amount of the criminally derived property involved in the transaction

Count #: 11

Use of Unauthorized Access Devices

Title 18, United States Code, Sections 1029(a)(2) and (b)(1)
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000

Counts #: 12-15

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)
* **Max. Term of Imprisonment:** Two (2) years
* **Mandatory Min. Term of Imprisonment (if applicable):** Two (2) years consecutive to any sentence imposed
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Cristina Voinea

**Case No:** _____

Count #: 1

Conspiracy to Commit Bank Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** Thirty (30) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Five (5) Years
* **Max. Fine:** $1,000,000

Count #: 11

Use of Unauthorized Access Devices

Title 18, United States Code, Sections 1029(a)(2) and (b)(1)
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.